NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
ANDREW C. LOVE,                     :
                                    :   Civil Action No. 14-7681 (RMB)
            Plaintiff,              :
                                    :
      v.                            :
                                    :
NIGEL SHOCKLEY, et al.,             :
                                    :   **MEMORANDUM OPINION**
            Defendants.             :
_____:

**BUMB, District Judge:**

    This matter is before the Court upon the Clerk's receipt of Plaintiff's civil complaint ("Complaint"), see Docket Entry No. 1, which arrived accompanied by his application to proceed in forma pauperis ("IFP"). See Docket Entry No. 1-1.

    However, Plaintiff already commenced a substantively identical matter, see Love v. Camden County Police ("Love-I"), Civil Action No. 14-6780 (RMB) (D.N.J.), where this Court dismissed certain claims with prejudice and others without prejudice. See id. Docket Entries Nos. 2 and 3. Since Plaintiff's claims dismissed without prejudice were unrelated: (a) to each other; and (b) to the claims dismissed with prejudice, see id., Docket Entry No. 2 (detailing the same at length), this Court directed the Clerk to commence two new matters for Plaintiff, one being Love v. Prosecutor to Be

Identified by Plaintiff ("Love-II"), Civil Action No. 14-7275 (RMB) (D.N.J.), and another being Love v. Police Officers to Be Identified by Plaintiff ("Love-III"), Civil Action No. 14-7276 (RMB) (D.N.J.), so to allow Plaintiff an opportunity to: (a) reflect on whether he wished to incur financial responsibilities associated with litigation of those claims; and (b) replead those claims. Being advised of his opportunity to replead, Plaintiff commenced the matter at bar. Here, he reasserts that, on May 29, 2014, he was arrested without probable cause. See Instant Matter, Docket Entry No. 1, at 5-6. He states that he was riding his bicycle when Officer Nigel Shockley stopped his police vehicle right in front of Plaintiff's bicycle and, without a reason, took Plaintiff into custody and performed a search of Plaintiff's person. See id. at 5. Plaintiff also asserts that, after taking Plaintiff into custody, Officer Shockley fabricated a certain charge against him to justify Plaintiff's allegedly illegal arrest. See id. at 6. Plaintiff's allegations suggest that he is either being currently prosecuted or has been recently convicted on the very basis of that allegedly fabricated charge. See id. His instant complaint refers to Officer Nigel and prosecutor Dana Petrone, and it asserts that Petrone violated Plaintiff's rights by not investigating Officer Shockley's charge sufficiently enough to establish Plaintiff's innocence and to have that charge dismissed. See id.

As this Court already explained to Plaintiff in Love-I, Plaintiff's false arrest challenges cannot relate to Petrone because she took no part in that arrest, and it does not appear that Shockley's arrest of Plaintiff had any relation to Petrone's decision to prosecute Plaintiff since no statement in Plaintiff's Love-I pleading (or the pleading at bar) offers this Court facts suggesting that Petrone: (a) had a reason to believe the alleged falsity of Shockley's charge; and (b) ignored that reason. All Plaintiff asserts is his displeasure that Petrone did not investigate the charge enough to develop such a reason. Since Plaintiff's allegations against Petrone and Shockley lack the transactional relation required by Fed. R. Civ. P. 18 and 20, and since Plaintiff's malicious prosecution challenges against Petrone are facially deficient, his claims against Petrone will be re-severed, once again, from his allegations against Shockley and dismissed.[1]

---

[1] The Court of Appeals recently clarified the analysis of a malicious prosecution claim. See Halsey v. Pfeiffer, 750 F.3d 273 (3d Cir. 2014).

> To prevail on a Fourth Amendment malicious prosecution claim under section 1983, [the defendant] must establish that:
>
> (1) the defendant initiated a criminal proceeding;
> (2) the criminal proceeding ended in [the plaintiff's] favor;
> (3) the defendant initiated the proceeding without probable cause;
> (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and
> (5) the plaintiff suffered deprivation of liberty

In contrast, Plaintiff's claims against Shockley warrant a stay (if his criminal prosecution is still ongoing) or a dismissal without prejudice, as premature.

An arrest made without probable cause creates a cause of action for false arrest under § 1983.[2]  See Albright v. Oliver, 510 U.S. 266, 274 (1994).  Thus, to state a claim for false arrest, a plaintiff must allege facts establishing two elements:

---

> consistent with the concept of seizure as a consequence of a legal proceeding.
>
> Johnson [v. Knorr, 477 F.3d 75,] 82 [(3d Cir. 2007)]; see also Rose v. Bartle, 871 F.2d 331, 349 (3d Cir. 1989).

Id. at 296-97.  The facts and rationale of Halsey indicates that a claim of malicious prosecution arises when the defendant's prosecution is initiated either in *complete void* of evidence or upon a state actor's *intentional ignorance* of evidence establishing the defendant's innocence.  See id. at 292, n.17 (citing, inter alia, Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 130 (2d Cir. 1997)).  Here, not a single statement in Plaintiff's pleading at bar (or in Love-I) indicates that Petrone was aware of but ignored any facts showing Plaintiff's innocence.  Since, contrary to Plaintiff's belief, Petrone did not have an obligation to search for facts establishing Plaintiff's innocence, his displeasure with the lack of such investigation by Petrone cannot establish a violation of his rights.

[2]  In addition, 'where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest.'" O'Connor v. City of Phila., 233 F. App'x 161, 164 (3d Cir. 2007) (citations omitted); see also Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995) (where the police officer lacks probable cause to make an arrest, the arrestee has a Fourth Amendment claim for false imprisonment based on a detention pursuant to that arrest).  Indeed, the United States Supreme Court explained that, "[f]alse arrest and false imprisonment overlap; the former is a species of the latter."  Wallace v. Kato, 549 U.S. 384, 388 (2007).

(1) that there was an arrest; and (2) that the arrest was made without probable cause. See Dowling v. City of Phila., 855 F.2d 136, 141 (3d Cir. 1988).  "Probable cause . . . requires more than mere suspicion; however, it does not require that the officer have evidence to prove guilt beyond a reasonable doubt." Orsatti v. New Jersey State Police, 71 F.3d 480, 482-83 (3d Cir. 1995).  Rather, probable cause exists when the facts and circumstances are "sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense."  Gerstein v. Pugh, 420 U.S. 103, 111 (1975) (quoting Beck v. Ohio, 379 U.S. 89, 91 (1964)); Sharrar v. Felsing, 128 F.3d 810, 817 (3d Cir. 1997).  Here, Plaintiff's instant complaint maintains that he was arrested and searched by Shockley without any reason whatsoever.  Hence, his allegations, if presumed true, raise a viable false arrest claim.

A § 1983 claim for false arrest typically accrues on the date of the plaintiff's arrest and, upon triggering the statute of limitations, becomes subject to litigation.  See Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998); Rose v. Bartle, 871 F.2d 331, 348-51 (3d Cir. 1989); see also Wallace v. Kato, 549 U.S. 384 (2007).  However, in light of Plaintiff's allegations that he is/was prosecuted (and might have become convicted) on the basis of the very charge allegedly fabricated by Shokley, this Court must be mindful of the possibility that Plaintiff's §

5

1983 claim of false arrest: (a) might have an effect on his criminal proceeding, if it is still ongoing; or (b) might render Plaintiff's conviction invalid, if such conviction was entered, that is, unless that conviction has already been overturned.

> If a plaintiff files a false-arrest claim *before* he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is . . . in accord with common practice[] to stay the civil action until the criminal case or the likelihood of a criminal case is ended. See [Heck v. Humphrey, 512 U.S. 477, 487-488, n. 8 (1994) (noting that "abstention may be an appropriate response to the parallel state-court proceedings"); Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 730 (1996). If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit. Edwards v. Balisok, 520 U.S. 641, 649 (1997); Heck, 512 U.S. at 487.

Wallace, 549 U.S. at 393 (emphasis supplied).

> After conviction,
>
> "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id., at 486-487 (footnote omitted).

Id. at 392.

More often than not, the events of one's arrest are not so closely intertwined with one's criminal prosecution/conviction to qualify as indelible of that prosecution/conviction and have the effect cautioned against in Heck and Wallace. For this reason, false arrest challenges are rarely stayed (under Wallace) or dismissed as premature (under Heck). Here, however, Plaintiff expressly claims that he either is or was prosecuted on, and only on, the basis of the very charges that Shockley allegedly fabricated in order to execute Plaintiff's arrest. Being so closely intertwined with his currently ongoing criminal proceeding (or with his recent conviction), Plaintiff's claims against Shockley cannot be adjudicated at this juncture. Rather, they warrant a stay if Plaintiff's prosecution is still underway; and such stay would be operable until Plaintiff's prosecution ends. Alternatively, if Plaintiff's prosecution has already ended and he has been convicted, his false arrest challenges warrant dismissal, as premature; these claims will remain premature until and unless Plaintiff's criminal conviction is overturned by a state court order or by a federal habeas writ. See Heck, 512 U.S. at 477.

For the foregoing reasons, Plaintiff's instant matter will be terminated as duplicative of Love-III, and his instant complaint will be filed in Love-III (upon being construed as his amended pleading). Plaintiff will be

7

granted in forma pauperis status for the purposes of Love-III and $350 filing fee will be assessed against him in connection with that matter. The Clerk will be directed to add Shockley as Defendant in Love-III.

In the event Plaintiff's prosecution is still underway, Plaintiff's challenges against Shockley would be stayed until Plaintiff's prosecution ends, and Plaintiff will be allowed to reopen Love-III within thirty days from the date of the final disposition of his criminal proceedings. In the event Plaintiff's criminal proceeding has already concluded, and Plaintiff was convicted, Plaintiff's claims against Shockley will be dismissed as premature, without prejudice to raising those challenges if and when his criminal conviction is overturned.

If and when Plaintiff's criminal charges are dismissed, Plaintiff would be directed to file a written statement to that effect and resume his prosecution of Love-III false arrest claims against Shockley.[3]

---

[3] Finally, taking note of the obscurity of Plaintiff's allegations and solely out of an abundance of caution, this Court will allow Plaintiff an opportunity to clarify if, contrary to what his pleading at bar indicates, he was *not* prosecuted on the charge Shockley allegedly fabricated in order to arrest Plaintiff or to justify Plaintiff's arrest. In the event Plaintiff files such clarification, this Court will re-screen Plaintiff's allegations anew.

Plaintiff's challenges against Petrone will be re-severed from his challenges against Shockley under Rules 18 and 20.  Plaintiff will be allowed to file an amended pleading in <u>Love-II</u> against Petrone stating his facts, if any, showing that Petrone was aware of but intentionally ignored the facts establishing Plaintiff's innocence.

An appropriate Order follows.

                                                    s/Renée Marie Bumb
                                                    **RENÉE MARIE BUMB**
                                                    **United States District Judge**

Dated: <u>January 5, 2015</u>